UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARILYN DUVAL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV01508 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This medical malpractice action brought under the Federal Tort Claims Act ("FTCA"), is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction, based on Missouri's ten-year statute of repose. For reasons set forth below, Defendant's motion shall be granted.

## BACKGROUND

On May 16, 2002, Plaintiff underwent a surgical hysterectomy performed by Dr. Michael Johnson. On July 26, 2012, Plaintiff underwent surgical removal of her right kidney. On August 24, 2012, Plaintiff filed a petition in Missouri state court against Dr. Johnson, Betty Jean Kerr-People's Health Centers, and Forest Park Hospital, alleging medical malpractice during Plaintiff's May 16, 2002 hysterectomy. The action was removed to this court on November 15, 2012. Plaintiff voluntarily dismissed the suit.

On September 10, 2013, Plaintiff submitted an administrative claim to the United States Department of Health and Human Services, claiming that Dr. Johnson, acting in

the course and scope of his employment of the United States, provided improper treatment during the 2002 hysterectomy causing her to lose her right kidney in 2012. The claim was denied on May 16, 2014. (Doc. No. 1-5.) Plaintiff filed the complaint in the present case on October 1, 2015, 13 years after the alleged malpractice.

Defendant argues that Plaintiff's complaint should be dismissed with prejudice because the claim is time-barred by the Missouri statute of repose, which provides in pertinent part, as follows: "In no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of." Mo. Rev. Stat. § 516.105(3). In response, Plaintiff asserts that 28 U.S.C. § 2401(b) preempts the Missouri statute of repose in this action because the two statutes conflict. Section 2401(b) provides in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

## **DISCUSSION**

The function of a motion to dismiss a claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *United States. v. Osborn*, 918 F.2d 724, 729 (8th Cir. 1990).

The FTCA waives the United States' sovereign immunity for certain torts committed by federal employees while acting within the scope of their employment. 28

U.S.C. § 1346(b)(1).  The Act specifies that the United States "shall be liable" with respect to tort claims "in the same manner and to the same extent as a private individual under like circumstances."  *Id*. § 2674.  Thus, liability under the FTCA attaches only where state law would impose liability on a private individual in similar circumstances.  *First Nat'l Bank in Brookings v. United States*, 829 F.2d 697, 700 (8th Cir. 1987).  To this end, the law of the state in which the negligence arises – here, Missouri – "provides the source of substantive liability under the FTCA."  *Sorace v. United States*, 788 F.3d 758, 763 (8th Cir. 2015); *Bagley v. United States*, ___ F. Supp. 3d ___, 2016 WL 6082023, at *2 (D. Neb. Oct. 18, 2016) (explaining that the FTCA's two-year statute of limitations for medical malpractice actions preempts a state's statute of limitations, which is procedural, but not a state statute of repose that is substantive).

     Missouri courts construe the ten-year limit in Mo. Rev. Stat. § 516.105(3) as a substantive statute of repose.  *See Ambers-Phillips v. SSM DePaul Health Ctr*., 459 S.W. 3d 901, 910 (Mo. 2015).  Although the Eighth Circuit has not yet decided whether Mo. Rev. Stat. § 516.105(3) operates as a jurisdictional bar to claims brought under the FTCA, other circuits have answered this question in the affirmative where the state involved construed its statute of repose as substantive law.  *See, e.g., Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013) (holding that the Illinois four-year statute of repose was a substantive limit on liability and therefore barred the plaintiff's FTCA medical malpractice claim that was filed after the four-year period elapsed); *Smith v. United States*, 430 F. App'x 246, 246 (5th Cir. 2011) (same as to the Texas statute of repose); *Huddleston v. United States*, 485 F. App'x 744, 745 (6th Cir. 2012) ("Because

3

federal law incorporates state substantive law for the purposes of FTCA claims, applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause."); S*immons v. United States*, 421 F.3d 1199, 1201-02 (11th Cir. 2005) (same as to the Georgia statute of repose).

This Court agrees with the reasoning in these cases and holds that the Missouri ten-year statute of repose is a substantive law and applies to Plaintiff's claim brought under the FTCA. Here, it is undisputed that Plaintiff did not file her state court action until more than ten years after the alleged malpractice. Plaintiff's administrative claim was filed 11 years after the alleged malpractice, and the instant action was filed 13 years after the alleged malpractice. As such, Plaintiff's FTCA action claiming medical malpractice is barred under Mo. Rev. Stat. § 516.105(3).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**. (Doc. No. 14.)

A separate Order of Dismissal shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 16th day of November, 2016